Action by Benno Loewy against Seligman Hirsch and others. From a Municipal Court judgment for plaintiff for less than the relief demanded, he appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

John P. Schuchman, for appellant.

Adolph Freyer, for respondent.

---

(48 Misc. Rep. 348.)

RICKERT v. POLLACK et al.

(Supreme Court, Appellate Term. October 27, 1905.)

JUDGMENT—OPENING DEFAULT—CONDITIONS—WAIVER.

Where at the time fixed for trial by an order opening plaintiff's default on payment of $10 costs, the parties appeared and defendants making no claim that the costs were unpaid, asked for and obtained an adjournment, they will be held to have waived the conditions as to payment for opening the default, to the extent at least of conferring jurisdiction on the court to hear and determine the case, so that when on trial day to which they obtained an adjournment, plaintiff tendered the costs in open court, they could not urge that the court had no jurisdiction over their persons.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Thomas A. Rickert against Samuel O. Pollack and another. From a judgment for plaintiff, defendants appeal. Affirmed.

See 92 N. Y. Supp. 89.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

Pollack & Abrahams, for appellants.

Steuer & Hoffman, for respondent.

SCOTT, P. J.　The cause of action for which the plaintiff herein recovered a judgment arose out of the following facts, which are undisputed:　Parties named Klein and Goldman began actions in the City Court against this plaintiff as president, etc., and recovered judgments against him, from which judgments appeals were taken to this court and subsequently dismissed for want of prosecution.　The order dismissing the appeals recited that the same were dismissed with "costs to be taxed." The costs upon a dismissal of an appeal in this court is the sum of $10 only.　The attorneys for the judgment creditors in that action, however (the defendants herein), included in their costs a large sum claimed by them to have been paid as fees for the stenographer's minutes obtained by them for the purpose of making proposed amendments to the case upon appeal.　Having procured such costs and disbursements to be taxed by the clerk of the City Court, and entered their judgments, they caused executions to be issued and levied upon the property of the plaintiff's organization, who thereupon paid the same to avoid a sale of the property of the organization represented by the plaintiff.　Subsequently the order of the Appellate Term was modified by inserting the words "with $10 costs in each case," and striking out the words first inserted.　The plaintiff thereupon demanded of the defendants the return of the sum taxed in excess of the proper costs, being the sum of $94, which demand was refused.　This action was then begun and the plaintiffs recovered a judgment.　Upon appeal the same was reversed; the Appellate Term holding that the testimony showed that the defendants had paid out such money for the benefit of their clients, and that, the same being no longer in the possession of the defendants, the remedy of the plaintiffs was against the clients, and not the attorneys.　A new trial was ordered, and from a judgment again rendered in favor of the plaintiff this appeal comes up.

The defendants testified upon the first trial of this action to having paid the sum aforesaid to procure the printing of the case, briefs, etc., giving the names of persons to whom such payments were claimed to have been made.　Upon this trial the defendants gave no testimony whatever, and the proof on the part of the plaintiff consisted of the testimony of the persons to whom the defendants had previously claimed they had paid said sum, and who had done the printing for the defendants, and who testified that defendants had paid no part of such sum to them.　The defendants now make no claim that the proof given by the plaintiff is insufficient to warrant a judgment against them, but rely solely upon the claim made at the opening of the trial that the court below had lost jurisdiction of the person of the defendants.　It appears from the record that at one time the plaintiff defaulted, and that upon motion made to open such default it was granted upon payment of $10 costs, and the case was set down for trial upon a day certain, the costs to be paid before the day fixed for trial.　There is some dispute between

the parties as to whether or not these costs were paid before the day of trial; the plaintiff's attorney testifying that they were tendered and refused, and the defendants' attorney stating, but not swearing to such statement, that the costs had not been tendered or paid. It seems that each party caused an order to be entered ex parte; both orders being entered prior to the day set for trial, the order by defendants dismissing the complaint for failure to pay such costs, and the order of the plaintiff vacating the defendants' aforesaid order. The trial judge, however, certifies—and such certificate is made part of the return, and thus is conclusive upon this court—that at the time fixed by the order opening the default the parties appeared, and the defendants, then making no claim that the costs were unpaid, asked for and obtained an adjournment of the trial. The record shows that upon the day last set for trial the plaintiff tendered the costs to the defendants in open court. It must be held that the voluntary appearance by the defendants and their application for an adjournment upon the day of trial, without objection being made to the nonpayment of the costs imposed as a condition for opening the plaintiff's default, was a waiver of such condition, to the extent, at least, of conferring jurisdiction upon the court to hear and determine the case; and when, upon the trial day to which the defendants had obtained an adjournment, the plaintiff tendered the costs in open court, the defendants were then in no situation to urge that the court had no jurisdiction over their persons. The proof as now given shows the plaintiff is entitled to recover the sum for which the judgment was rendered, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.